UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ARNELL PALMER,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CRUZ SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 19-cv-04629-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I. INTRODUCTION

Steven Arnell Palmer, an inmate at the Santa Cruz County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order requires Mr. Palmer to file an amended complaint to correct several pleading deficiencies.

## II. BACKGROUND

The statement of facts in the complaint consists of six short phrases, including "cruel and unusual punishment," "bogus request form and grievance process," and "bogus medical." Docket No. 1 at 3. No facts are mentioned. Attached to the complaint is a letter Mr. Palmer allegedly sent to the Santa Cruz County Sheriff one day before the complaint was filed; the letter has very few details but appears to concern Mr. Palmer's perception that other inmates and staff treat him poorly because of his race and because they are bullies.

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has several problems. First, Mr. Palmer has not alleged enough facts to state a claim upon which relief may be granted. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[1] A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Mr. Palmer's complaint does not allege facts sufficient to plausibly show the violation of a right secured by the Constitution or laws of the United States by any defendant. The phrases he alleges – e.g., "cruel and unusual punishment" – are just labels and conclusions that do not come close to providing the facts necessary to state a plausible claim.

Leave to amend is granted so that Mr. Palmer may file an amended complaint that proffers enough facts to state a claim for relief that is plausible on its face. Mr. Palmer is cautioned that he must provide a full statement of his claims in his amended complaint. The Court will not read through exhibits to the complaint or amended complaint to piece together a claim for a plaintiff.

---

[1]This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

2

Second, the complaint does not link any defendant to any constitutional violation. Mr. Palmer lists "all Santa Cruz County Jail deputies," the Santa Cruz Sheriff's Department, and Santa Cruz County as defendants, but does not include allegations against any of them. In his amended complaint, Mr. Palmer must allege facts showing his entitlement to relief from each and every defendant who he proposes to hold liable on the claim. With regard to the individual wrongdoers, it is not sufficient for Mr. Palmer to allege simply that he is suing "all" of the Sheriff's deputies, as there are hundreds of deputies and almost certainly not all of them were involved in each violation of Mr. Palmer's rights. He needs to identify the specific wrongdoers. Mr. Palmer may name as defendants those individuals whose acts or omissions caused the violation of his rights under the Constitution or laws of the United States. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). If he wants to sue a supervisor, he must allege facts showing (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Mr. Palmer listed as defendants the Santa Cruz Sheriff's Department and Santa Cruz County, apparently as the legal entities that operate the jail in which he is housed. Mr. Palmer cannot hold the legal entity liable simply because it employs the individual wrongdoers. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012).

Local governments, such as Santa Cruz County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of*

3

*Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. If Mr. Palmer wants to allege a *Monell* claim against a municipal entity, he must be careful to allege the specific policy, custom or practices of each municipal entity that he contends give rise to liability.

Third, Mr. Palmer does not have standing to allege claims about violations of other inmates' rights. In his amended complaint, he may not allege claims that other inmates were subjected to constitutional violations at the jail. *See Russell v. United States,* 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). He can only assert claims about violations of his own constitutional rights.

Some of the very limited information in the complaint suggests Mr. Palmer wants to complain about punishment, safety, health care, and discrimination. The Court assumes for present purposes that Mr. Palmer was a pretrial detainee at the relevant times and provides the following information as guidance for alleging claims in these areas.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to

4

punishment or otherwise violate the Constitution." *Id.* at 536-37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to "punishment." *See id.* at 539.

Assuming for present purposes that a pretrial detainee has the same rights as a convicted prisoner being put in administrative segregation, when jail officials initially determine whether an inmate is to be segregated for administrative reasons, due process requires that they: hold an informal nonadversary hearing within a reasonable time after the inmate is segregated, inform the inmate of the charges against him or the reasons segregation is being considered, and allow the inmate to present his views. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Periodic review of the inmate's confinement in segregated housing is required. *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983). Disciplinary segregation requires more process. Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). The procedural protections required in a disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff*, 418 U.S. at 564-67. There also must be some evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. at 454, and the information that forms the basis for prison disciplinary actions must have some indicia of reliability. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

To state a claim that an individual officer failed to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

5

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied,* 137 S. Ct. 831 (2017).

To state a claim that a defendant was deliberately indifferent to a pretrial detainee's medical needs, a plaintiff must allege facts showing these elements, which are quite similar to the elements for a failure-to-protect claims:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). For the third element on medical as well as safety claims, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (alteration in original) (quoting *Castro*, 833 F.3d at 1071). "[T]he plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (quoting *Castro*, 833 F.3d at 1071).

A claim that a person has been discriminated against because of his race implicates his right to equal protection of the laws. "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted).

## IV. CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **February 24, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be

repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: January 17, 2020

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　EDWARD M. CHEN
　　　　　　　　　　　　　　　　　　United States District Judge